### GLASSER v. ALEXANDER, Collector of Internal Revenue.
### No. 5063.

District Court, W. D. Oklahoma.
Aug. 3, 1934.

Paul Edwards, of Enid, Okl., for plaintiff.

Herbert K. Hyde, U. S. Atty., and W. E. Wiles, Asst. U. S. Atty., both of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge.

In this case the plaintiff seeks to recover from the defendant certain taxes which the

plaintiff alleges were illegally collected. The facts, which are stipulated, disclose that in the year 1925 the plaintiff, together with one C. F. Powell and one H. H. Champlin entered into a contract of partnership whereby the parties so named purchased and secured certain leases in Logan county, Okl.; that the said Champlin furnished the money for said undertaking, the said Powell did the geological work, and the said plaintiff did the professional legal work; that the said leases were procured in the year 1925, and from 1925 to 1927 said leases remained in a more or less dormant status, said leases being located in a nonproven oil producing territory and having an actual nominal value and a potential value wholly problematical; that said plaintiff, in the year 1927, disposed of a portion of his interest in said partnership for the sum of $25,400 and in the following year received from the sale of a further portion of the partnership assets $8,925, or a total of $34,325 for the two years.

The plaintiff submitted his income tax returns for the years 1927 and 1928 and set up said sums so received as earned income. The Commissioner of Internal Revenue, upon reviewing these returns, assessed an additional tax, which is the amount sought to be recovered by the plaintiff in this action, on the theory that said sums so received by plaintiff constituted a gain and profit.

An examination of the records in this case, together with the briefs filed, convinces the court that the government is correct in its contention. In 1925, at the time these leases were purchased, the plaintiff's interest therein constituted an asset, and its value, regardless of what it was, was the value it had at the time said leases were procured. The development of the oil territory in which the leases were located resulted in an increase in the value of the leases, and the increase in the value of the leases from 1925 to the date when they were sold represented gain and profit. The contention of the plaintiff that his interest in the leases represented payment to him for legal services rendered as an attorney is correct, but the increase in the value thereof, over the period during which the plaintiff held an interest therein, constituted gain.

The court finds generally for the defendant, and a form of judgment may be prepared and submitted consistent with this opinion. An exception is allowed the plaintiff.